**Robert J. DAVENPORT, Jr., Appellant,**

**v.**

**Melvin LAIRD, Secretary of Defense, Stanley R. Resor, Secretary of the Army, and Major General James F. Hollingsworth, Commanding General of Fort Jackson, South Carolina, Appellees.**

No. 15342.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 1, 1971.

Decided April 7, 1971.

Jack F. McGuinn, Columbia, S. C. (Richard F. Swift and Dow, Lohnes & Albertson, Washington, D. C., and James Rebholz, American Civil Liberties Union, on brief), for appellant.

Wistar D. Stuckey, Asst. U. S. Atty. (Joseph O. Rogers, Jr., U. S. Atty., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and MILLER, District Judge.

PER CURIAM:

The district judge denied a writ of habeas corpus to an Army draftee who sought his discharge from the Army on the basis that he had become a conscientious objector after he entered into military service. We affirm.

Private Davenport filed three successive applications under applicable Army regulations. At first he sought to be assigned to non-combatant duties. When this request was denied he sought discharge as a conscientious objector. This request was fully considered and denied after the Conscientious Objector Review Board concluded that Davenport "does not truly hold views against participation in war in any form which are derived from religious training and belief." The third application followed two months later. It contained no new material emanating from Davenport. It was not required to be referred to the Conscientious Objector Review Board, and it was denied, at least in part, on the basis of the earlier proceedings.

■ We think that there was a basis in fact for the conclusion of the Conscientious Objector Review Board. Our examination of the record discloses evidence that Davenport's conscientious objection to war was limited to the war in Vietnam and that his objection stemmed from political considerations and not from his religious training and belief. Either ground would be a proper reason to deny him status as a conscientious objector. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

■ We find no merit in Davenport's contentions that his applications were not considered in compliance with Army regulations establishing the procedure for applications for discharge, consideration of applications and the granting of discharges. We also find no other error.

Affirmed.